# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-1315 PA (ASx) | Date | April 11, 2019 |
|---|---|---|---|
| Title | Ronald Gladle v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS ORDER

Before the Court are a Motion to Remand filed by plaintiff Ronald Gladle ("Plaintiff") (Docket No. 19) and a Motion to Dismiss filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo") (Docket No. 9), to which defendant Specialized Loan Servicing LLC ("Specialized") has filed a Joinder.  The Court vacated the hearings in prior orders.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.

Plaintiff commenced his action in Los Angeles Superior Court on January 15, 2019. Plaintiff's Complaint alleges claims against Wells Fargo, Specialized, and Zieve, Brodnax & Steele, LLP ("ZBS"), for:  (1) quiet title; (2) fraud; (3) illegal foreclosure;(4) "illegal racketeering" pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq.; (5) cancellation of instruments; (6) negligence; (7) slander of title; (8) declaratory judgment; (9) breach of contract; (10) violation of the Home Owner's Bill of Rights; (11) unfair business practices pursuant to California Business and Professions Code section 17200; (12) rescission; and (13) invasion of privacy.

Wells Fargo filed its Notice of Removal on February 21, 2019.  Wells Fargo's Notice of Removal asserts that this Court possesses subject matter jurisdiction over the action based on both the existence of the federal question presented by the Complaint's RICO claim pursuant to 28 U.S.C. § 1331, and the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In support of its claim that the Court possesses diversity jurisdiction, Wells Fargo admits that ZBS is a California citizen, but contends that it is a nominal party and fraudulently joined because its only role is as a foreclosure trustee. (Notice of Removal at 5:16-21.)  Wells Fargo additionally asserts that SLS "is incorporated in Delaware with its principal place of business in Colorado," that SLS "is to be ignored for purposes of diversity jurisdiction analysis as it is a fraudulently joined party," and that it "played no role in the foreclosure mechanics."  (Id. at 9:21-26.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1315 PA (ASx) | Date | April 11, 2019 |
|---|---|---|---|
| Title | Ronald Gladle v. Wells Fargo Bank, N.A., et al. | | |

Neither SLS nor ZBS joined Wells Fargo's Notice of Removal when Wells Fargo filed it. According to the Notice of Removal, the consent of ZBS and SLS was not necessary for removal because "Wells Fargo has no indication that any other party in this action has been served with process, as the docket in the state court action does not reflect any proof(s) or service for the same, nor does there appear to be any responsive pleading on file. . . . Accordingly, Wells Fargo does not require the consent of any other party to remove this action to federal court under federal question or diversity jurisdiction." (Id. at 10:6-11.)

Plaintiff filed his Motion to Remand on March 20, 2019, twenty-seven days after Wells Fargo filed the Notice of Removal. Among the arguments raised in Plaintiff's Motion to Remand is Plaintiff's contention that Wells Fargo's removal is procedurally defective because neither SLS nor ZBS timely joined the Notice of Removal. According to proofs of service attached as exhibits to the Motion to Remand, Plaintiff served his Summons and Complaint to ZBS and SLS by certified mail on January 18, 2019, at an address in Nevada for ZBS, and at an address in Colorado for the registered agent for SLS. SLS eventually filed a "Consent to Removal by Wells Fargo" on April 1, 2019 (see Docket No. 26), after Plaintiff filed his Motion to Remand and well more than forty days after that service would be deemed complete under California's rules for service by mail on a person outside the state. See Cal. Code Civ. P.§ 415.40 ("A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1315 PA (ASx) | Date | April 11, 2019 |
|---|---|---|---|
| Title | Ronald Gladle v. Wells Fargo Bank, N.A., et al. | | |

All defendants "who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(a)(2)(A); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266. A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with in the state court is insufficient. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996).

In its Opposition to the Motion to Remand, Wells Fargo states that it has contacted ZBS, which has not appeared in the action, and ZBS takes the position that it has not been properly served with the Summons and Complaint. Because SLS does not challenge Plaintiff's service to it based on the certified mail he sent to its registered agent in Colorado on January 18, 2019, the Court declines to analyze the propriety of Plaintiff's attempt to serve ZBS with the Summons and Complaint. Importantly, neither SLS nor Wells Fargo contend that SLS joined in the Notice of Removal within thirty days of SLS having been served with the Summons and Complaint (even with the additional ten days for service by mail under California Code of Civil Procedure section 415.40).

Therefore, unless SLS was not "properly joined," Wells Fargo's assertion in its Notice of Removal that it "has no indication that any other party in this action has been served with process" based on a review of the state court docket is insufficient to excuse Wells Fargo's failure to obtain the consent of SLS to the removal. See Pianvoski, 924 F. Supp. at 87. Specifically, the mere fact that other named defendants have not yet appeared in the state court action does not establish that those defendants have not been served with the Summons and Complaint and that their joinder in the removal is therefore not required. Indeed, such allegations, including allegations made on information and belief, are insufficient to support a removal. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 116-17 (9th Cir. 2004); Prize Frize, 167 F.3d at 1266 (finding Notice of Removal which alleged that the removing defendants "have been informed and believe that many of the other defendants . . . have not been properly served in this matter" was facially deficient); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1267 (D. Ore. 2001); Anne Arundel County v. United Pac. Ins. Co., 905 F. Supp. 277, 279 (D. Md. 1995) (finding that statement "'upon information and belief [that non-removing defendant] does

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1315 PA (ASx) | Date | April 11, 2019 |
|---|---|---|---|
| Title | Ronald Gladle v. Wells Fargo Bank, N.A., et al. | | |

not object to this Petition for Removal' . . . is not sufficient . . . to satisfy the requirements of § 1446").

Although the Notice of Removal asserts that SLS "is to be ignored for purposes of diversity jurisdiction analysis as it is a fraudulently joined party" because it "played no role in the foreclosure mechanics," that allegation is not supported by either legal or factual citation. Nor has the Notice of Removal established that SLS is "fraudulently joined" or that it is not otherwise "properly joined" for purposes of 28 U.S.C. § 1446(a)(2)(A). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (recognizing an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined"). Similarly, a nominal defendant "with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); see also Latino v. Wells Fargo Bank, N.A., 2011 WL 4928880, at *2 (E.D. Cal. Oct.17, 2011) ("Removing Defendants bear the burden of proving a defendant is a nominal party."). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1315 PA (ASx) | Date | April 11, 2019 |
|---|---|---|---|
| Title | Ronald Gladle v. Wells Fargo Bank, N.A., et al. | | |

Here, even if SLS and ZBS could be deemed "nominal defendants" for purposes of at least some of the state law foreclosure-related claims, Wells Fargo has not established that the same analysis applies to the Complaint's RICO claim. Nor has Wells Fargo established that Plaintiff would not be afforded leave to amend his Complaint to cure the purported deficiencies. See id. The Court therefore concludes that Wells Fargo has not satisfied its "heavy burden of persuasion" to establish that SLS is fraudulently joined or otherwise not "properly joined" for purposes of 28 U.S.C. § 1446(a)(2)(A). As a result, Wells Fargo was required to obtain the consent of SLS when it removed the action to this Court. Because Wells Fargo did not do so, the Notice of Removal was procedurally defective. SLS's untimely consent to the removal, filed more than thirty days after service on SLS was deemed complete, and after Plaintiff filed his Motion to Remand in which he objected to the procedural defect, does not cure that deficiency.

For all of the foregoing reasons, the Court grants Plaintiff's Motion to Remand as a result of the procedural defect in Wells Fargo's Notice of Removal. The Court declines to reach the other arguments raised in Plaintiff's Motion to Remand. The Court denies Plaintiff's meritless and procedurally defective request for sanctions. Accordingly, this action is remanded to the Van Nuys Courthouse of the Los Angeles Superior Court, Case No. 19VECV00069, for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. § 1447(c); Prize Frize, 167 F.3d at 1266. The Court denies as moot Wells Fargo's Motion to Dismiss, SLS's Joinder to the Motion to Dismiss, and Plaintiff's "Motion to Strike" (Docket No. 34).

IT IS SO ORDERED.